Samuel **MENDOZA**, Plaintiff–
Appellant,

v.

**PLACENTIA YORBA LINDA UNIFIED SCHOOL DISTRICT; Orange Unified School District, Defendants–Appellees.**

No. 07–55038.

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 2008.*

Filed May 14, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Paul H. Kamoroff, Esq., Kamoroff & Associates, Santa Ana, CA, for Plaintiff–Appellant.

S. Dan Harbottle, Esq., Rutan & Tucker, LLP, Costa Mesa, CA, Jonathan Judd Mott, Esq., Parker, Covert & Chidester, Tustin, CA, for Defendants–Appellees.

Before: W. FLETCHER and GOULD, Circuit Judges, and POLLAK **, United States District Judge.

## MEMORANDUM ***

Samuel Mendoza appeals from the district court's two judgments in his Individuals with Disabilities Education Act (IDEA) and state law action against Placentia–Yorba Linda School District (PYL) and Orange Unified School District (Orange). In denying Mendoza's claims, the district court accepted in full the findings of fact and conclusions of law made by the Administrative Law Judge (ALJ). We have jurisdiction under 28 U.S.C. § 1291.

■ We must first decide how much deference to award the ALJ's decision. *See Ash v. Lake Oswego Sch. Dist.*, 980 F.2d 585, 587–88 (9th Cir.1992). The record reveals that the ALJ was an active participant during the five-day hearing, and her decision contains a lengthy discussion of the facts and a detailed analysis of the law. We therefore find that the ALJ's decision was "thorough and careful," and we afford it deference. *See Hood v. Encinitas Union Sch. Dist.*, 486 F.3d 1099, 1104 (9th Cir.2007); *Park v. Anaheim Un-*

*ion High Sch. Dist.*, 464 F.3d 1025, 1031 (9th Cir.2006).

■ Mendoza is entitled to a free and appropriate public education (FAPE) that provides supportive services for his learning disabilities. *See* 20 U.S.C. § 1401(9); Cal. Educ.Code § 56301; *Seattle Sch. Dist. No. 1 v. B.S.*, 82 F.3d 1493, 1499 (9th Cir.1996).

Mendoza claims PYL and Orange denied him a FAPE because they failed to evaluate his learning disabilities; failed to provide certain educational, social-emotional, mental health, and behavioral services; and failed to design an Individualized Education Program (IEP) tailored to his needs. We agree with the district court and the ALJ that none of these claims has merit.

The IDEA and state law require a triennial assessment of special education students. 20 U.S.C. § 1414(a)(2)(B)(ii); Cal. Educ.Code § 56381(a)(2). PYL performed the required reassessment but failed to conform to the test administration instructions. The ALJ awarded Mendoza an appropriate remedy for this procedurally non-conforming assessment. *See* 34 C.F.R. § 300.502(b). Mendoza did not establish that PYL and Orange failed to evaluate Mendoza in any area suspected to affect his educational abilities. *See Park*, 464 F.3d at 1031–32; *see also Seattle Sch. Dist. No. 1*, 82 F.3d at 1499; 20 U.S.C. § 1414(b)(3)(B).

At PYL, Mendoza was enrolled in several special education classes as approved by his IEP team. That team included his mother. His transcript and academic rec-

** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ord indicate that he was making educational progress. *See Hood,* 486 F.3d at 1107. There is no evidence that he needed any emotional or behavioral intervention services at PYL. Mendoza lived in Orange for less than a year, and his school attendance during that time was erratic at best. We cannot find that the services Orange provided or did not provide denied Mendoza a FAPE when there was so little time to evaluate the program at Orange and to determine if it would provide educational benefits for him. *See Hood,* 486 F.3d at 1108–09 and n. 7; *see also Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cty. v. Rowley,* 458 U.S. 176, 200, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). Mendoza's parent rejected all offers from PYL and Orange to provide mental health services, and the schools could not include mental health goals in Mendoza's IEP without his parent's consent. *See* Cal. Educ.Code § 56321(b)(4).

Mendoza's IEPs fully addressed his educational program and provided appropriate goals in his identified areas of need. *See* 20 U.S.C § 1414(d). None of his IEP team members, including his mother, objected to the identified areas of suspected disability. He has failed entirely to identify anything inappropriate about his IEP or what services PYL or Orange should have provided.

Mendoza's experts failed to consider his cognitive limitations and denied any knowledge of the specific programs and services he received at PYL or Orange. The experts' testimony that the districts provided an inadequate education is thus unpersuasive.

The judgments of the district court are **AFFIRMED.**